No. 640

CLEVELAND WINDOW GLASS & DOOR CO. v. NATIONAL SURETY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7315. Decided June 27, 1927.
1139. SURETY BONDS—Bonding company not liable to lien holders unless completion bond, by its terms, specifically includes them.

Error to Common Pleas. Judgment affirmed.
First Publication of this Opinion

SULLIVAN, PJ.

The Wade Chateau Company executed to the Guardian Savings and Trust Co. as trustee, a trust deed securing an issue of bonds, out of the proceeds of the sale of which the Chateau Company was to erect an apartment hotel in the city of Cleveland. The trust deed provided that the building was to be erected in accordance with plans and specifications deposited with the trustee, and, upon completion would be free of all liens or liability for liens, under any materialmen's, mechanics', laborers' or other similar lien laws, or the possibility thereof resulting from such improvement; and should be fully paid for. The trust deed further provided that before the beginning of any construction, and before any contracts were let, the company would furnish to the trustee a surety bond in the sum of at least $50,000 with sureties satisfactory to the trustee, conditioned that the company would erect the building in accordance with the plans and specifications, free from mechanics' liens as aforesaid, fully paid for and ready for use and occupancy.

In compliance with these terms of the trust deed, the Chateau Company deposited with the trustee a bond of the National Surety Company, a part of the provisions of which were, in substance, as follows:

1. That the Wade Chateau Company should erect, free and clear of all liens of every nature that could be specified.

2. They should save harmless the obligee and bondholders, from all dangers probable or possible, and named in the bond.

3. That in the event of the failure of principal to erect and complete said building the surety would save harmless the obligee and bondholders.

The Cleveland Window Glass & Door Co. brought this action to compel the National Surety Co., under the terms of its bond, so executed, to pay for certain material furnished for the construction of the building. The Common Pleas Court sustained a demurrer to the petition on the grounds that under the terms of the bond the surety company was not liable to lien holders. The Window Glass Company is claiming that the court erred in sustaining this demurrer.

If the bond were to run to lien holders as well as bond holders, it is only simple logic to say that language of such import would have been employed. There is no word of this nature expressly stated in the bond, and this absence can only mean that it was not the intention of the parties to have the bond run to both bond holders and lien holders. The bond distinctly runs to the bond holders, and to insert lien holders as well, without express or implied authority, is the execution of a new and additional obligation on the Surety Company, not warranted by any construction of which the language is capable. If the contrary were the intention, the conclusion is inevitable that the Insurance Company would have inserted a clause including lien holders and thus secured an additional premium, and the principal of the bond would have insisted upon the employment of such a clause as a matter of self preservation.

Judgment affirmed.

(Vickery and Levine, JJ., concur).

Attorneys—Simmons, DeWitt & Vilas and Day & Day for Window Glass Co.; Tolles, Hogsett & Ginn for Surety Co.; all of Cleveland.

Note—This case has been carried to the Supreme Court. Dock. 7-15-27, 5 Abs. 491. On motion to certify.